Taylor et al. *vs.* The Auditor.

---

### Taylor et al. *vs.* The Auditor.

In debt by the Auditor, on a sheriff's bond, breaches assigned, that the defendant did not execute the duties of his office according to law, and that he collected and failed to pay over a given amount of money, which was due the State, are well assigned, and the plaintiff is bound to prove that the defendant *collected* the money.

A plea putting in issue such collection, is a good answer to the declaration, and should not be stricken out.

The Auditor's certificate of the indebtedness of the defendant, was not the best evidence the nature of the case admitted, and was inadmissible.

Secondary evidence will not be admitted, unless a proper shewing is made of the loss or destruction of the best testimony.

The proper evidence would have been the sheriff's receipt on the tax book, or list transmitted to the Auditor.

Although, in an action at common law on a penal bond, a default admitted the truth of the breaches assigned, yet such is not the case, under our statute. The jury must still be sworn to inquire into the truth of the breaches, and the plaintiff must prove them, as alleged.

This was an action of debt, on a penal bond, determined in the Pulaski Circuit Court, in May, 1842, before the Hon. WILLIAM GIL-

Taylor et al. *vs.* The Auditor.

CHRIST, Special Judge.   Elias N. Conway, as Auditor of Public Accounts, sued Taylor, and Cook, Clemens, Roland, and Cummins, as his securities, on the bond of Taylor, as sheriff of Pulaski county.   After once obtaining a judgment, which was reversed in this court, (2 *Ark.* 174), the declaration was amended, and, as amended, set out the execution of the bond by Taylor and his securities, on the 8th of October, 1833, in the penalty of fifteen thousand dollars, and conditioned in the ordinary form of a sheriff's bond, and alleged as a breach, that he *collected*, in 1834, of territorial revenue, $522 33 cents, and, in 1835, $69 49 cents, all of which he failed to pay over to any person authorized to receive it.

Cook and Roland were never served with process, nor did they ever appear.   Taylor and Cummins took no step, nor appeared, before judgment, after the case returned to the circuit court.   On the amended declaration being filed, Clemens filed a plea, to which the plaintiff demurred, and his demurrer was sustained, and he then amended, and pleaded that Taylor did perform all his duties as sheriff, and pay over all the revenue that came to his hands; that he did not collect, nor was there due from him, either of the amounts mentioned in the declaration, or any part of either, and so did not fail to pay over, as alleged.   This plea was stricken out, on motion of the plaintiff, discontinuance as to Cook and Roland, default as to Taylor and Cummins, judgment *nil dic.* as to Clemens, and a jury sworn to inquire into the truth of the breaches, and assess the damages.   The jury found the breaches true, and assessed the damages to the sum of $948 64 cents.   Judgment for $15,000, debt, and the costs, and that execution go for the damages.   Clemens appeared, on the inquiry of damages, and objected to the reading of the bond offered, because it was executed by other securities besides those sued, of whom no mention was made in the declaration.   The objection was overruled, and the plaintiff then offered two certificates, signed by the Auditor, one certifying that, from the books of his office, it appeared that Taylor, as sheriff, was indebted to the treasury, for revenue of 1834, $522 33, and the other, that it likewise appeared that he was indebted, for the revenue of 1835, $69 49, each accompanied with an account stated, and each under his seal of office.   Clemens objected to the reading

Taylor et al. *vs.* The Auditor.

of these papers, but his objection was overruled. This was all the evidence. The court refused to instruct the jury, as asked by Clemens; that, if they believed, from the evidence, that Taylor received money in respect of revenue due the territory, and failed to pay over, as alleged in the breaches, they might find the breach or breaches true, but otherwise, not; and instructed them, on plaintiff's motion, that, by the state of the pleadings, the truth of the breaches was admitted; that the certificates of the Auditor sustained the breaches, if the jury believed them; and, that the plaintiff, if the jury believed the evidence, was entitled to 25 per cent. damages, and also legal interest from the time the moneys became due. Clemens embodied the evidence and instructions in a bill of exceptions, and the defendant brought error.

The case was argued here by *Cummins* and *Blackburn*, for the plaintiffs in error, and *R. W. Johnson*, Atto. Gen., contra.

*By the Court*, LACY, J. Whether the bond produced supported the allegation or not, we do not deem it necessary to inquire.

The plaintiff below, in assigning his breaches, has taken upon himself to allege, that the defendant has collected the money sued for, and he, of course, is bound to prove the averment, as he made it, by his election, material. And that fact has been directly put in issue by the plea of Clemens, which it was error to strike out, as it was a good answer to the declaration.

The admission of the Auditor's certificate of indebtedness is, certainly, not competent evidence to charge the defendant, or his securities. We have no statutory provision making the certificate evidence, and it is certainly no proof, according to the principles of the common law. It is not the best evidence the nature of the case admits of; which is a universal rule, without exception. Secondary evidence is never resorted to, unless the higher grade cannot be produced; and, even then, it cannot be introduced, unless a proper ground be laid for its admission, showing the destruction or loss of the best testimony. The evidence, to have substantiated his indebtedness, should have been Taylor's receipt, on the tax-book, or list transmitted

to the Auditor, and for which he stands charged, after deducting the credits of delinquencies, lands stricken off to the territory, commissions, and the like. The instruction of the court was evidently wrong, in deciding that the truth of the breaches was admitted to be proven by the state of pleadings in the cause.

This is unquestionably true, according to the principles of the common law, but our statute has changed the rule upon the subject. Clemens' plea, as before remarked, was improperly stricken out, which would have put in issue the truth of the breaches; and the plaintiff had no right to recover, unless he proved the collection, as charged. The seventh section of the act (Rev. St., Chap. 112,) declares, that, where an action is prosecuted, upon a penal bond, for the non-performance of any covenant, the plaintiff shall assign breaches; and, if judgment is obtained upon the demurrer, by confession or default, the court shall thereupon make an order, that the truth of the breaches shall be inquired into, and the damages assessed at the same, or the next succeeding term. This section clearly shows that it was necessary to prove the breaches, as laid.

Judgment reversed.